United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL FIELD, an individual, | No. C 09-01430 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Defendant Gevity HR, Inc.'s Motion to Dismiss** |
| AMERICAN MORTGAGE EXPRESS, CORP., and GEVITY HR, INC., | |
| Defendants. / | |

In this putative class action, plaintiff Marshall Field ("Field") filed suit on behalf of himself and all others similarly situated against defendants American Mortgage Express, Corp. ("AMX"), and Gevity HR, Inc. ("Gevity"), seeking damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, California Labor Code § 201, and the California Worker Adjustment and Retraining Notification Act ("CalWARN Act"), Cal. Labor Code § 1400, *et seq.*. Before the court is defendant Gevity's motion to dismiss Field's first amended complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

Field, a California resident, was allegedly employed jointly by AMX and Gevity in their Santa Rosa, California, office from March 24, 2005, to August 4, 2007. Docket No. 5 (First Am. Compl.) ¶ 1. Field's complaint contains no information about the position that he held in the Santa Rosa office, or his duties in that position. On August 3, 2007, a Gevity employee, Marla Barr ("Barr"), directed Field to fire all of the individuals allegedly jointly employed by AMX and Gevity in the Western Division, a region undefined in the complaint. *Id.* ¶ 9. That same day, "defendants" terminated Field's employment. *Id.* ¶ 10. Field alleges that AMX and Gevity failed to provide Field and all other similarly situated workers with any *prior* notice regarding their termination. *Id.* ¶ 11. Field also alleges that AMX and Gevity did not pay him wages and benefits due at the time he was terminated.

As a result of the termination of all employees in the Western Division, "at least 50 employees were denied wages and accrued vacation at the time of termination . . . ." *Id.* ¶ 13(a). Further, at the time of termination, AMX and Gevity jointly employed "more than 75 employees." *Id.* ¶ 24.

LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Since Rule 12(b)(6) is concerned with a claim's sufficiency rather than its substantive merits, when faced with a motion to dismiss, courts typically "look only at the face of the complaint." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Well pled allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80

F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). The factual allegations in a complaint must be sufficient to allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (2009).

DISCUSSION

Gevity asserts that Field has failed to allege facts sufficient to support any of his three causes of action. The court exams each claim in turn.

I.   Claim III: CalWARN

Under the CalWARN Act, "[a]n employer may not order a mass layoff, relocation or termination at a covered establishment unless, 60 days before the order takes effect, the employer gives written notice of the order to . . . [t]he employees of the covered establishment affected by the order. . . ." Cal. Lab. Code §1401(a); *see MacIsaac v. Waste Mgmt. Collection & Recycling, Inc.*, 134 Cal. App. 4th 1076, 1078 (2005). Under the statute, an "employer" is "any person who directly or indirectly owns and operates a covered establishment," Cal. Lab. Code § 1400(b); a "covered establishment" is "any industrial or commercial facility or part thereof that employs or has employed within the preceding 12 months, 75 or more persons," Cal. Lab. Code § 1400(a); a "mass layoff" is the laying off ("separation from a position for lack of funds or lack of work") of 50 or more employees within any 30-day period, Cal. Lab. Code § 1400(c) & (d); and a "termination" is the cessation, or substantial cessation, of industrial or commercial operations in a covered establishment. Cal. Lab. Code § 1400(f).

Field's complaint fails to state a claim under the CalWARN Act in a number of respects. It is not clear from the complaint that Gevity qualifies as an "employer," for although it can be inferred that Gevity operated the Santa Rosa office and the Western Division, Field has not alleged that Gevity owned the Santa Rosa office or Western Division. Cal. Lab. Code § 1400(b) (defining

3

employer as someone who both owns and operates a covered establishment). Field does not adequately allege that the Santa Rosa office (or even the entire Western Division for that matter) is a "covered establishment" because he does not aver that defendants employed, at any single "facility," 75 or more employees. Similarly, he fails to allege that at least 50 employees were terminated at a single facility.

Field argues that the entire Western Division of AMX can be considered a single "facility" for purposes of satisfying the requirements of the Act. The term facility is not defined in the statute, and there is no case law interpreting the term "facility" in the context of CalWARN. Nonetheless, Field's proposed interpretation defies common sense. The dictionary defines a facility as "something (as a hospital, machinery, plumbing) that is built, constructed or established to perform some particular function or to serve or facilitate some particular end." *Webster's Third New Int'l Dictionary* 812-13 (3d. ed. 2002)   If the legislature had intended that the CalWARN Act treat geographically distinct offices of a corporation as a single facility, it would have used a word other than "facility" or defined the word "facility" in order to convey that meaning.

The court finds that Field has not pled facts sufficient to support his allegation that Gevity violated the CalWARN Act. Accordingly, Gevity's motion to dismiss Field's third claim for relief under the CalWARN Act is GRANTED.

II.   Claim II: California Labor Code § 201

In his second claim for relief, Field alleges that Gevity violated California Labor Code section 201, which requires that an employer promptly pay unpaid wages, benefits, bonuses, and unpaid vacation to employees who are terminated. Cal. Lab. Code § 201. Gevity's sole argument for dismissal of this claim is that Field has not alleged facts from which the court could conclude that Gevity was Field's joint employer. In California, where a statute does not define the parameters of an employee-employer relationship, courts utilize the common law test of employment. *Metropolitan Water Dist. of Southern California v. Superior Court*, 32 Cal. 4th 491, 500-01 (2004). "There is  no magic formula for determining whether an organization is a joint employer. Rather, the court must analyze myriad facts surrounding the employment relationship in question. No one factor

4

is decisive." *Vernon v. State*, 116 Cal. App. 4th 114, 129-30 (2004) (citations and quotations marks omitted).

> Factors to be taken into account in assessing the relationship of the parties include payment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment.

*Id.* at 130 (citing cases from various jurisdictions in which courts considered such factors). "Of these factors, the extent of the defendant's right to control the means and manner of the workers' performance is the most important." *Id.* (citing *Lee v. Mobile County Com'n*, 954 F. Supp. 1540, 1546 (S.D. Ala. 1995)).

Whether the allegations in the complaint adequately establish that Gevity, along with AMX, was Field's employer is a close issue. It does not appear that Gevity exercised much, if any, control over how Field discharged his day-to-day duties; in fact, the complaint does not identify Field's position or his professional duties, making it impossible to determine the degree to which Gevity controlled his job performance. The complaint also fails to address many of the other factors that are central to the joint employer test. At the same time, Gevity clearly exercised some control over Field and the other employees in the Western Division, as it was Barr, a Gevity employee, who "directed" Field to terminate the employment of all the employees in the Western Division. First. Am. Compl. ¶ 8. Field also alleges that Gevity paid all of his wages, benefits and required taxes, and appeared as his employer on paycheck statements and his W-2 form. *Id.* Given these allegations, the court holds that the complaint adequately avers that Gevity was Field's joint employer. At this stage in the litigation, when the court must draw all inferences in favor of Field, the court cannot hold as a matter of law that Gevity was not Field's employer. Accordingly, Gevity's motion to dismiss the second cause of action is DENIED.[1]

5

1  III.    Claim I: Fair Labor Standards Act

2          Finally, Field alleges that Gevity violated the FLSA by failing to pay him for wages, bonuses
3  and accrued vacation due at the time of his termination.  In its motion to dismiss, Gevity asserts that
4  Field's FLSA claims must be dismissed because (1) he fails to allege any viable violation of the
5  FLSA, and (2) fails to plead sufficient facts from which it could be concluded that Gevity was
6  Field's joint employer.  The FLSA provides a private right of action to individuals against their
7  employer if their employer either fails to pay them an hourly rate equal or greater to the statutorily
8  established minimum wage, 29 U.S.C. § 206, or fails to pay them overtime rates for hours worked in
9  excess of forty per week, 29 U.S.C. § 207.  Unlike the California Labor Code, the FLSA does not
10 provide a cause of action for individuals, like Field, who claim they were denied wages, benefits, or
11 vacation pay due to them at termination.

12         At the hearing on this motion, Field argued that his complaint states a claim for relief under
13 the FLSA because by not paying him the wages that he was owed at termination, he was paid less
14 than the federal minimum wage.  Field has not identified and the court has not been able to locate
15 any support for the proposition that the an employer's failure to pay unpaid wages at termination
16 constitutes a violation of 29 U.S.C. section 206.  Further, Field's complaint does not allege facts
17 sufficient to establish that he was a "non-exempt" employee such that he was entitled to the FLSA's
18 minimum wage and overtime protections.

19         Because the allegations in Field's complaint do not establish his entitlement to relief under
20 any of the provisions of the FLSA, Gevity's motion to dismiss the first claim under the FLSA is
21 GRANTED.

22 IV.    Dismissal with or Without Prejudice

23         The court is well aware that "in the normal course district courts should freely grant leave to
24 amend when a viable case may be presented." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038
25 (9th Cir. 2002) (citing Fed R. Civ. P. 15(a)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)
26 (claims should be dismissed with prejudice only if district court "determines that the pleading could
27 not possibly be cured by the allegation of other facts"). As such, the court will dismiss the first and

6

third claims without prejudice. "It would be improper to determine at this stage that plaintiffs cannot cure the aforementioned flaws in their pleading." *In re Actimmune Mktg. Litig.*, 614 F. Supp. 2d 1037, 1053 (N.D. Cal. 2009) (Patel, J.).

CONCLUSION

For the preceding reasons, Gevity's motion to dismiss is GRANTED, without leave to amend, with respect to claims one and three, the FLSA and CalWarn Act claims respectively. Gevity's motion to dismiss is DENIED with respect to claim two, California Labor Code section 201. Since the court has dismissed the sole federal claim in this action, the plaintiff shall file an amended complaint within twenty (20) days as to the section 201 claim including allegations that support a basis for diversity jurisdiction, if he can do so. If he cannot, he shall file a statement within that time stating that there is no basis for jurisdiction and the complaint will be dismissed without prejudice and the statute of limitations tolled for thirty (30) days to allow plaintiff to refile in state court.

IT IS SO ORDERED.

Dated: October 26, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

**ENDNOTES**

1. Both Field and Gevity request that the court take judicial notice of rulings by the California Labor Commissioner. Field has submitted three opinions in which individuals admittedly employed by AMX were held to be jointly employed by Gevity. Gevity submits an opinion that reached the exact opposite conclusion. Because these opinions muddy, rather than clarify, the issue of whether the Gevity was Field's joint employer, the court exercises its discretion, and denies both requests for judicial notice. The conclusion of the court that the complaint adequately alleges that Gevity jointly employed Field is grounded solely on the allegations in the complaint.